IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :     CRIM. NO. 7:12-CR-36 (HL) |
| v. | : |
| | : |
| BACARI McCARTHREN. | : |
| _____ | : |

**PLEA AGREEMENT**

It is agreed by the United States of America, by and through its undersigned attorney, and BACARI McCARTHREN, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the First Superseding Indictment in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant the attorney's understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf,

1

but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's lawyer. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)   Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the First Superseding Indictment, which charges Defendant with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

(B)   That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count One to a term of imprisonment of not more than twenty (20) years, a $1,000,000.00 fine, or both, and at least three (3) years of



supervised release. Defendant also acknowledges that the Court is required to impose a mandatory assessment of $100.00 (per count).

(C)     Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's counsel, the Government, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(D)     Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a pre-sentence investigative report has been completed. Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the Pre-Sentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

3



(G)  Defendant understands that ordinarily 18 U.S.C. § 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of Defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the United States Attorney appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(H)  Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present First Superseding Indictment as well as any and all criminal violations about which Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. Defendant understands that this agreement does not require Defendant to implicate any particular individual or individuals or to "make a case," rather it requires Defendant to be truthful and to testify truthfully whenever called upon.

(I) Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J) The United States of America and Defendant hereby agree that any breach of this agreement by Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would:

(i) not relieve Defendant of Defendant's plea of guilty;

(ii) permit the Government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this indictment;

(iii) permit the Government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and

(iv) permit the Government to utilize against Defendant in any subsequent judicial proceeding any and all statements made by Defendant.

If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

5



(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)   That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against Defendant.

(B)   That he further agrees, pursuant to Rule 11(c)(1)(A), Federal Rule of Criminal Procedure, to move the Court at the time of sentencing to dismiss Counts Two and Three of the First Superseding Indictment.

(C)   That he further agrees, if Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to Defendant's cooperation, to make the extent of Defendant's cooperation known to the sentencing court. If Defendant is not completely truthful and candid in Defendant's cooperation with the Government, Defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of

6

the imposition of sentence. In either case, Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should Defendant fail to cooperate truthfully and completely with the Government, or if Defendant engages in any additional criminal conduct, Defendant shall not be entitled to consideration pursuant to this paragraph.

(D)   Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the Government by Defendant in connection with Defendant's cooperation and as a result of Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the Government agrees not to bring additional charges against Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B), based on any information provided by Defendant in connection with Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

(E)   If Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that Defendant has not accepted



responsibility, including, but not limited to, denying Defendant's involvement, giving conflicting statements as to Defendant's involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(F)   The Government agrees withdraw the information it previously filed with the Court, as set forth in 21 U.S.C. § 851, such that Defendant will not be subject to increased statutory punishments pursuant to 21 U.S.C. § 841(b)(1)(C).

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and Defendant, by and through Defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

On August 16, 2012, the 911 Center in Lowndes County, Georgia was advised that officers from the Sheriff's Office in Hamilton County, Florida were in pursuit of a silver Buick bearing the Maryland license plate 2AL 2263 (Bacari McCarthren, hereinafter Defendant, was the driver of the silver Buick). Members of the Lowndes County Sheriff's Office, as well as units of the Georgia State Patrol, joined the pursuit of the silver Buick once it crossed into the state of Georgia. Officers chased the Defendant at speeds in excess of 125 mph, with the Buick at times crossing the median into oncoming traffic in an attempt to elude the police. At various points, the Buick nearly crashed into both civilian and police vehicles. Ultimately, a Georgia State Police Trooper performed a PIT maneuver and spun the Buick off the road.

Despite having spun off the road, the Buick continued to travel southbound in a ditch parallel to the highway before attempting to cut back onto the road, where a Lowndes County officer struck its back right left corner panel and spun it into the median. The Buick briefly came to a rest in the median, and police officers exited their vehicle with guns drawn, demanding that the Buick's passengers show their hands. Rather than surrender, the Defendant accelerated rapidly in reverse and crossed the two northbound lanes of the highway. At this point, several patrol cars blocked the Buick in place. The Defendant refused to open the window or door which led the officers break the window of the vehicle and take the Defendant into custody.

While on scene, the Buick was searched. During this search, two loaded handguns were found concealed behind the air vents and the dash molding around the radio and air conditioning controls inside the front dash – a Smith & Wesson .40 caliber pistol with the serial number DSR1365 and a Springfield Armory .40 caliber pistol with the serial number US435811. There

9

was also a plastic wrapped package containing a white powder found concealed under the radio behind the dash molding.

A certified firearms expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has examined the Smith & Wesson .40 caliber pistol and the Springfield Armory .40 caliber pistol and determined that both were manufactured outside of Georgia. Accordingly, the guns had both moved in interstate commerce. The guns were also tested, and each one functioned as a firearm.

The white powder was submitted to the DEA lab and tested positive for cocaine with a net weight of 84.8 grams.

Defendant now admits that he possessed the cocaine in the Buick for distribution purposes and not personal use.

For purposes of relevant conduct under U.S.S.G. Section 1B1.3, Defendant and the Government stipulate that the amount of cocaine attributable to Defendant is 84.8 grams.

Defendant further admits that the convictions listed below are his convictions and are accurate convictions:

(1) two felony charges of Aggravated Battery with a Firearm in the Circuit Court for Osceola County, Florida in Case No. CR92-1760 on March 11, 1994;

(2) ~~one felony charge of Fleeing or Attempting to Elude a Law Enforcement Officer at High Speed or with Wanton Disregard in the Circuit Court for Osceola County, Florida in Case No. CR99-1026 on November 16, 2000; and~~

(3) one felony charge of Possession of Cocaine with Intent to Sell in the Circuit Court for Osceola County, Florida in Case No. 2001 CF 002594 on March 22, 2002.

10

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 29th day of March, 2013.

                MICHAEL J. MOORE
                UNITED STATES ATTORNEY

BY: _____
                PETER D. LEARY
                ASSISTANT UNITED STATES ATTORNEY

I, BACARI McCARTHREN, have read this agreement and had this agreement read to me by my attorney, Rick D. Collum. I have discussed this agreement with my attorney, and I fully understand it and agree to its terms.

_____
BACARI McCARTHREN
DEFENDANT

I, Rick D. Collum, attorney for Defendant BACARI McCARTHREN, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against him and the evidence that would be presented against him at a trial. I have read this agreement, have been

11

given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
RICK D. COLLUM
ATTORNEY FOR DEFENDANT