[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13523
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cr-00036-HL-TQL-1

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

versus

BACARI MCCARTHREN,

                   Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 21, 2017)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bacari McCarthren pled guilty in 2013 to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). The district court sentenced him to the statutory maximum penalty for that offense, 20 years of imprisonment, after applying the career-offender enhancement under the United States Sentencing Guidelines, *see* U.S.S.G. § 4B1.1. We affirmed McCarthren's conviction and sentence on direct appeal after his counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See United States v. McCarthren*, 575 Fed. App'x 873 (11th Cir. 2014). The Supreme Court vacated that decision and remanded the case to us for further consideration in light of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).[1]

On appeal, McCarthren maintains that the career-offender enhancement was incorrectly applied because, in his view, his prior conviction for aggravated battery under Florida Statute § 784.045(1)(a) no longer qualifies as a "crime of violence." In response, the government has filed a motion to dismiss arguing that McCarthren's appeal is barred by the sentence-appeal waiver in his plea agreement. After careful review, we agree with the government and dismiss McCarthren's appeal.

---

[1] McCarthren concedes that, as a result of the Supreme Court's subsequent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (holding that *Johnson* did not apply to the advisory guidelines), he no longer has a challenge based on *Johnson*. Instead, he attempts to bring a different challenge based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Even assuming we can construe the remand order to cover this new claim, however, McCarthren's valid sentence-appeal waiver bars him from raising it on appeal.

2

McCarthren's plea agreement contains a limited waiver of his appellate rights. McCarthren "waive[d] any right to an appeal or other collateral review of [his] sentence in any court," unless one of two exceptions applied. The exceptions included the following: (1) if the district court imposed a sentence that exceeded the advisory guideline range; and (2) if the government appealed McCarthren's sentence.

McCarthren concedes that his current challenge to the career-offender enhancement does not fit within one of the exceptions to the sentence-appeal waiver. The sentence did not exceed the advisory guideline range of 210 to 240 months of imprisonment, and the government has not appealed his sentence.

Nor does McCarthren dispute that the government has established that he knowingly and voluntarily agreed to the sentence-appeal waiver. We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). An appeal waiver will be enforced if (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. Here, the district court specifically questioned McCarthren about the waiver during the plea colloquy, and

he indicated that he understood it. Accordingly, McCarthren's appeal waiver is valid and enforceable.

Nevertheless, McCarthren maintains that an otherwise valid sentence-appeal waiver should be unenforceable if it will result in a "miscarriage of justice." McCarthren contends that such a miscarriage of justice results when, as here, the defendant receives the statutory maximum sentence because of an erroneous career-offender enhancement. He asserts that, without the career-offender enhancement, his advisory guideline range would have been no higher than 92 to 115 months of imprisonment, less than half of the range under which he was sentenced.

"We have consistently enforced knowing and voluntary appeal waivers according to their terms." *Bascomb*, 451 F.3d at 1292. Where the terms of the waiver apply, "[a]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005); *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("While it may appear unjust to allow criminal defendants to bargain away meritorious appeals, such is the necessary consequence of a system in which the right to appeal may be freely traded."). Even "a vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the

waiver." *Bascomb*, 451 F.3d at 1296.  Plus, the fact that a defendant's challenge is based on a Supreme Court decision that was issued after the defendant's sentencing does not alone except the challenge from the waiver.  *See United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (holding that the defendant's appeal waiver applied to a challenge based in part on *United States v. Booker*, 543 U.S. 220 (2005), which was issued after the defendant's sentencing).

Nevertheless, we have recognized that "an effective waiver is not an absolute bar to appellate review." *United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008).  In *Bushert*, for example, we noted that "there are certain fundamental and immutable legal landmarks within which the district court must operate regardless of the existence of sentence appeal waivers." *Bushert*, 997 F.2d at 1350 n.18.  Thus, we may decline to enforce a waiver where the sentence exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race or religion.  *Id.*  And "[i]n extreme circumstances—for instance, if the district court had sentenced [a defendant] to a public flogging—due process may require that an appeal be heard despite a previous waiver." *Howle*, 166 F.3d at 1169 n.5.

Here, however, McCarthren's challenge does not implicate such "fundamental and immutable legal landmarks." *Bushert*, 997 F.2d at 1350 n.18.  He presents a challenge to the calculation of his guideline range and the application

5

of the career-offender guideline. That guideline was one that, according to McCarthren's counsel's comments at the plea colloquy, McCarthren knew could be an issue at sentencing, yet he agreed to the appeal waiver, anyway. McCarthren's sentence was below the statutory maximum and he does not assert that his sentence was based on a constitutionally impermissible factor. *See id.* And finally, even if McCarthren had not waived his right to appeal, the premise of McCarthren's challenge on appeal—that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), abrogated our decision in *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341–42 (11th Cir. 2013)—has been rejected by a panel of this Court, *see United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017) (holding that *Turner* remains binding precedent in this Circuit notwithstanding *Mathis* and *Descamps v. United States*, 133 S. Ct. 2276 (2013)), and we are bound by that ruling, *see, e.g., United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong."). For these reasons, no extreme circumstances exist here that would preclude enforcement of the plain terms of the sentence-appeal waiver. We therefore **GRANT** the government's motion to dismiss.