[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13523
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cr-00036-HL-TQL-1

UNITED STATES OF AMERICA,

                                                    Plaintiff - Appellee,

versus

BACARI MCCARTHREN,

                                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 20, 2017)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before MARTIN, ROSENBAUM, and JILL PRYOR Circuit Judges.

PER CURIAM:

Bacari McCarthren's petition for rehearing is **GRANTED**.  We substitute the following opinion for our original opinion.

Bacari McCarthren pled guilty in 2013 to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a).  The district court sentenced him to the statutory maximum penalty for that offense, 20 years of imprisonment, after applying the career-offender enhancement under the United States Sentencing Guidelines.  *See* U.S.S.G. § 4B1.1.  We affirmed McCarthren's convictions and sentence on direct appeal after his counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  *See United States v. McCarthren*, 575 Fed. App'x 873 (11th Cir. 2014).

McCarthren then petitioned for a writ of certiorari from the Supreme Court.  While his petition was pending, the Supreme Court decided *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015).  After *Johnson*, the Solicitor General of the United States filed a memorandum with the Supreme Court stating the government's view that "the appropriate disposition is to grant certiorari, vacate the judgment of the court of appeals, and remand the case for further consideration in light of *Johnson*."  The Supreme Court followed the Solicitor General's concession, granted the petition, vacated our judgment, and remanded.  *McCarthren v. United States*, 136 S. Ct. 332 (2015) (mem.).

On remand, the government filed a motion to dismiss arguing that McCarthren's appeal is barred by the sentence-appeal waiver in his plea agreement. The government, however, waived its right to assert the sentence-appeal waiver by filing a memorandum with the Supreme Court recommending that the Court GVR the case. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (holding that appeal waivers are governed by contract law and can be waived); *Cf. Burgess v. United States*, 874 F.3d 1292, 1299–1300 (11th Cir. 2017) (characterizing a collateral-action waiver as an affirmative defense).

We therefore reach the merits of McCarthren's appeal. He contends that the district court improperly applied the career-offender enhancement based in part on a prior Florida conviction for aggravated assault, *see* Fla. Stat. § 784.021. In *Turner v. Warden Coleman FCI (Medium)*, this Court held that Florida aggravated assault qualifies as a "crime of violence" for purposes of the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2). 709 F.3d 1328, 1337–38 (11th Cir. 2013). McCarthren says that our decision in *Turner* has been abrogated by the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and that, under *Mathis*, Florida aggravated assault is not a "crime of violence" for purposes of the career-offender enhancement. *See* U.S.S.G. § 4B1.2. Although "some members of our court have questioned the continuing validity of *Turner*," we remain bound to follow it. *United States v. Golden*, 854 F.3d 1256, 1257 (11th

Cir. 2017) (per curiam); *see id.* (Jill Pryor, J., concurring in result) (explaining "why *Turner*'s holding was in tension with prior binding precedent and why, in light of intervening Supreme Court decisions, *Turner* should be overruled"). Because we are bound to follow *Turner*, McCarthren's sentence is

**AFFIRMED.**