IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BACARI MCCARTHREN, | : | |
| | : | |
|    Movant, | : | |
| | : | |
| v. | : | Case No. 7:12-cr-00036-HL-CHW |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
|    Respondent. | : | 28 U.S.C. § 2255 |

**UNITED STATES' MOTION TO DISMISS IN LIEU OF RESPONSE TO 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and respectfully requests that the Court dismiss Bacari McCarthren's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence for the following reasons.

**Procedural History**

On March 29, 2013, Bacari McCarthren pleaded guilty to a single-count superseding indictment. Docs. 54, 55. With the assistance of counsel, he pleaded guilty to possessing with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). *Id*. McCarthren pleaded guilty with the benefit of a negotiated plea agreement that contained a valid and enforceable appeal waiver. Doc. 55.

On August 2, 2013, the Court entered judgment as to McCarthren, sentencing him to 240 months' imprisonment. Doc. 70. The Eleventh Circuit initially affirmed McCarthren's conviction and sentence on direct appeal after counsel filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Doc. 93 at 2. *See United States v. McCarthren*, 575 Fed. App'x

873 (11th Cir. 2014). McCarthren then filed a petition for a writ of certiorari, and the Supreme Court vacated that decision and remanded the case for further consideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Doc. 93 at 2. On remand, McCarthren argued that the career offender enhancement should not have been applied because his Florida aggravated battery conviction, in his opinion, is not a crime of violence. *Id*. The Eleventh Circuit granted the United States' motion to dismiss pursuant to the valid sentence appeal waiver in McCarthren's plea agreement. Doc. 93. The Supreme Court denied McCarthren's petition for a writ of certiorari on December 4, 2019. Doc. 97.

On March 21, 2021,[1] McCarthren filed his pro se § 2255 motion, challenging the constitutionality of 28 U.S.C. § 841(a), the Court's application of the career offender enhancement, and counsel's effectiveness for failing to make certain arguments regarding the career offender enhancement that McCarthren raised in his motion. Doc. 101 at 12; Doc. 101-1. On March 29, 2021, the Court ordered the United States to file a responsive pleading to McCarthren's § 2255 motion within 60 days. Doc. 102. In an amended motion dated March 23, 2021, and docketed by the clerk of court on April 30, 2021, McCarthren presented the same grounds for relief and accompanying substantive arguments as his initial motion. *Compare* Doc. 104 *with* Doc. 101-1. The United States now files this motion to dismiss in lieu of a response to McCarthren's § 2255 motion and amended motion.

---

[1] "[A] pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015). "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Rule 3(d), Rules Governing Section 2255 Proceedings.

**Argument**

**A. McCarthren's § 2255 Motion Is Untimely Filed.**

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), which, in part, imposed a one-year limitations period on the filing of § 2255 motions. The one-year limitation period applies to all claims brought under § 2255, including claims cast in jurisdictional terms. *See Williams v. United States*, 383 F. App'x 927, 929-30 (11th Cir. 2010). Generally, the limitations period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). For a defendant who appeals his conviction and then seeks a petition for writ of certiorari, his conviction and sentence become final when the Supreme Court either denies certiorari or issues a decision on the merits. *Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001).

Here, the Supreme Court denied certiorari on December 4, 2019, and McCarthren's conviction became final on that date. *E.g. Drury v. United States*, 507 F.3d 1295, 1296-97 (11th Cir. 2007); *Washington*, 243 F.3d at 1300-01. Accordingly, McCarthren had until December 4, 2020, to timely file his § 2255 motion, but McCarthren did not file his § 2255 motion until March 21, 2021—more than three months after the deadline had expired. Doc. 101 at 12. Although McCarthren claimed in his earlier motion for extension of time that he had one year from January 21, 2020 in which to timely file his § 2255 motion, Doc. 99 at 2-3, the Eleventh Circuit has made clear that "finality attaches when the Supreme Court denies a habeas petitioner's petition for certiorari review," not upon the denial of a motion for reconsideration. *Drury*, 507 F.3d at 1296-97. Therefore, the Court should dismiss as untimely McCarthren's § 2255 motion.

**B.     McCarthren Is Not Entitled To Equitable Tolling.**

In both his initial § 2255 motion and amended motion, McCarthren claims that he is entitled to equitable tolling for various reasons related to the COVID-19 pandemic. However, McCarthren falls far short of meeting his burden for showing that he is entitled to equitable tolling.

Equitable tolling is "an extraordinary remedy" that is to be "applied sparingly" and is only available "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir.2005) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The diligence required is "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653; *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). In proving an "extraordinary circumstance," a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267; *Lawrence*, 421 F.3d at 1226–27. The extraordinary circumstance must be "unavoidable even with diligence." *See Sandvik*, 177 F.3d at 1271–72. The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). Further, "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268.

4

McCarthren's argument rests on the "extraordinary harm the COVID-19 pandemic has placed on the federal prison system," in addition to his total reliance on the prison law library clerks due to his "minimal education" and lack of understanding of federal law and filing deadlines. Doc. 101-3; Doc. 104 at 2-3. Additionally, McCarthren claims that he was unable to diligently pursue his motion because law library access was suspended, and he notes that the Supreme Court has extended filing deadlines from 90 days to 150 days. *Id*.

As an initial matter, the Court need not determine whether the circumstances described by McCarthren constitute an "extraordinary circumstance," whether considered separately or collectively, because McCarthren has failed to show his diligence. Although McCarthren's conviction became final on December 4, 2019, he did not file any motions with the Court until January 2021, when he asked the Court to extend the statutory one-year period of limitations for him to timely file a § 2255 motion. *See generally* Docket Sheet. McCarthren's next filing was the instant motion. While McCarthren may have been inconvenienced during the process of filing of a § 2255 motion due to COVID-19 restrictions, he has entirely failed to show that the inconveniences prevented him from timely filing a § 2255 motion.

Additionally, more than three months elapsed between the Supreme Court's denial of certiorari and the date McCarthren claims he entered lockdown. McCarthren makes no attempt to explain why he did not make any timely filing during this time, nor has he attempted to claim that he was unable to utilize the law library or was prevented from drafting and timely filing a motion during this time period. *See* Doc. 101-1; Doc. 104. *Cf. San Martin*, 633 F.3d at 1271) ("San Martin … has given absolutely no explanation for his delay in filing"). Instead, he baldly claims that "there was no way for [him] to diligently pursue his post conviction § 2255 motion in a timely manner." Doc. 104 at 2. "Simply put, [McCarthren] has not shown with any degree of particularity what

5

efforts he made that would even arguably constitute an appropriate degree of diligence for someone in his situation." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004).

Moreover, while the prison restrictions due to COVID-19 may present inconveniences to McCarthren, these are not "some extraordinary circumstance[s that] stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649. While at least one circuit court has held that the complete denial of access to legal materials can constitute extraordinary circumstances, *see Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000), McCarthren does not claim he was completely denied access to legal materials during the entire one-year period he had to timely file his § 2255 motion. He only claims the denial began on March 13, 2020. Doc. 101-3 at 1; Doc. 104 at 2. Eleventh Circuit precedent suggests that this would not be considered "extraordinary" for purposes of equitable tolling. As the Eleventh Circuit has explained:

> In *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000), the movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. After noting the movant had ample time to file his motion when these impediments did not exist, we declined to apply equitable tolling. *Id*. at 1090 (evaluating a § 2255 habeas motion). In *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. We stated "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id*. at 1283. In *Dodd*, the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and we found that the circumstances were not extraordinary. *Id*.

*Paulcin v. McDonough*, 259 Fed. Appx. 211, 213 (11th Cir. 2007).

The overarching factual circumstances here are similar. McCarthren claims that he was subjected to lockdown for a period of months beginning in March 2020. However, he "does not suggest, let alone argue that his detention was unconstitutional or somehow inappropriate." *Dodd*, 365 F.3d at 1283. Further, not only has McCarthren claimed that "there was no way for [him] to

diligently pursue his post conviction § 2255 motion in a timely manner," Doc. 104 at 2, but he "has not claimed that he made any specific efforts to file his motion within the established limitations period." *Dodd*, 365 F.3d at 1283. Indeed, McCarthren's own exhibit attached to his § 2255 motion appears to indicate that access to the law library was merely "restricted," and the restrictions were still in effect that the time he filed his motion. Doc. 101-3 at 2. Therefore, McCarthren was actually able to file his motion under the same conditions he simultaneously claims prevented him from a timely filing. Finally, while it is true that the factual circumstances in *Akins* span a much longer period of time than the one year at issue here, "*Akins* suggests that lockdowns . . . are not 'extraordinary circumstances' in which equitable tolling is appropriate," and the case has been relied upon for that proposition. *Dodd*, 365 F.3d at 1282-83. Accordingly, McCarthren has not shown that he is entitled to equitable tolling.

### III. Conclusion

McCarthren's § 2255 motion was filed more than one year after his conviction became final, and he is not entitled to equitable tolling. Accordingly, the United States respectfully requests that the Court dismiss McCarthren's §2255 motion as untimely.

Respectfully submitted, this the 27th day of May, 2021.

        PETER D. LEARY
        Acting United States Attorney

        */s/ Peter D. Leary*
        Acting United States Attorney
        Georgia Bar No. 612045
        United States Attorney's Office
        Middle District of Georgia
        Post Office Box 1702
        Macon, Georgia 31202-1702
        (478) 752-3511
        peter.leary@usdoj.gov

        *Attorneys for the United States of America*

8

## CERTIFICATE OF SERVICE

I certify that I electronically filed the **United States' Motion to Dismiss in Lieu of Response to 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence** with the Clerk of the Court using the CM/ECF system and will mail a copy to the movant at the following address:

Bacari McCarthren
Reg. No. 96052-020
FCI Coleman Medium
PO Box 1032
Coleman, FL 33521

Respectfully submitted, this the 27th day of May, 2021.

PETER D. LEARY
Acting United States Attorney

*/s/ Peter D. Leary*
Acting United States Attorney
Georgia Bar No. 612045
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202-1702
(478) 752-3511
peter.leary@usdoj.gov

*Attorneys for the United States of America*